```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **JUN 2 7 2014**

```
-------------------------------------------------------- X
                                                        :
BETSY FELICIANO and FELIPE                              :
FELICIANO                                               :
                                                        :
                          Plaintiffs,                   :          13-cv-5555 (KBF)
              -v-                                       :
                                                        :          OPINION & ORDER
U.S. BANK NATIONAL ASSOCIATION,                         :
as Trustee, on behalf of the holders of the             :
CSAB mortgage-backed pass through                       :
certificates, series 2007-1,                            :
                                                        :
                          Defendant.                    :
                                                        :
-------------------------------------------------------- X
```

KATHERINE B. FORREST, District Judge:

On March 19, 2013, plaintiffs Betsy and Felipe Feliciano commenced this action in the Eastern District of New York against U.S. Bank National Association ("U.S. Bank") for wrongfully and fraudulently foreclosing on their home in Westchester County, New York, as well as for related claims under federal and state law. (See Compl. at 3–11,[1] ECF No. 1.) Following the briefing of defendant's motion to dismiss the complaint pursuant to Rule 12(b), on July 15, 2013, United States District Judge Leonard D. Wexler transferred this action to this District pursuant to 28 U.S.C. § 1406(a) "[i]n view of the parties' agreement as to the impropriety of venue" while "express[ing] no opinion as to the merits of any aspect of the motion or Plaintiff's case." (7/15/13 Order at 2, ECF No. 17.)

---

[1] Because plaintiffs' complaint does not contain continuously numbered paragraphs, the Court cites herein to the page numbers reflected on the electronic header added by ECF.

Upon its transfer to this District, this action was assigned to United States District Judge Laura T. Swain. This action was transferred to the undersigned on May 29, 2014. For the reasons set forth below, defendant's motion to dismiss pursuant to Rules 12(b)(1) and (6)[2] is GRANTED and this action is DISMISSED.[3]

I.     BACKGROUND

Plaintiffs allege that, on December 8, 2006, they refinanced their home loan with Wall Street Mortgage Bankers, Ltd., d/b/a Power Express, securing the debt with a note and mortgage on their home at 280 Worthington Road in White Plains, New York. (Compl. at 1–2, Ex. A.) Plaintiffs allege that, on February 13, 2009, their original lender assigned the note and mortgage to a trust administered by U.S. Bank on behalf of the investors in a mortgage-backed pass-through certificate. (See id. at 2, Ex. B.)

On or about February 25, 2009, U.S. Bank filed a complaint in New York Supreme Court, Westchester County, seeking to foreclose on plaintiffs' home (the "Foreclosure Action"). (Id. at 2; Cheverko Decl. Ex. A, ECF No. 27).[4] According to

---

[2] Defendant's motion to dismiss pursuant to Rule 12(b)(3) for improper venue is now moot, in light of Judge Wexler's transfer of this action to this District.

[3] The Court notes that plaintiffs' counsel has repeatedly ignored the orders of both Judge Swain and this Court to re-file his prior opposition to defendant's motion to dismiss on ECF with an appropriate caption for this District. (See ECF Nos. 21, 31.) As is clear from the proceedings in the Foreclosure Action, failure to comply with court orders is not a new problem for plaintiffs' counsel. Nevertheless, the Court declines to dismiss this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

[4] The Court may properly consider the publicly-filed documents from the Foreclosure Action that are attached to the Cheverko Declaration on this motion to dismiss because the Westchester Foreclosure Action and its filings are specifically referenced and relied upon in the complaint. See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007); Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991), cert. denied, 503 U.S. 960 (1992) ("Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.").

the Foreclosure Action complaint, plaintiffs defaulted on their payment obligations set forth in the note in or about September 2008. (Id. Ex. A ¶¶ 7, 8.) Despite being served in the Foreclosure Action, the Felicianos did not answer the complaint or otherwise enter an appearance. (See Compl. at 2; Cheverko Decl. Ex. C at 5.)[5] Thereafter, on October 18, 2011, U.S. Bank moved for Judgment of Foreclosure and Sale. (Cheverko Decl. Ex. B.) The Felicianos opposed the motion and cross-moved to dismiss the Foreclosure Action on or about December 8, 2011. (Id. Ex. C.) On December 12, 2011, Justice Joan B. Lefkowitz granted U.S. Bank's motion; Justice Lefkowitz later confirmed her grant of U.S. Bank's motion and denied the Felicianos' cross-motion to dismiss on January 17, 2012. (Compl. ¶ 8; Cheverko Decl. Exs. D, E.) In her order, Justice Lefkowitz held that the Felicianos' "bare denial of receipt of process" was insufficient and that, "[h]aving defaulted in the action, [the Felicianos] have waived any question as to standing." (Id. Ex. E at 3–4.) On January 23, 2012, the Judgment of Foreclosure and Sale was entered by the clerk of court in the Foreclosure Action. (Id. Ex. F.)

On April 6, 2012, the Felicianos moved by order to show cause to invalidate the judgment and notice of sale of their home (which was scheduled for April 12, 2012) and to renew their cross-motion to dismiss the Foreclosure Action. (See Compl. ¶ 9; Cheverko Decl. Ex. G.) Though Justice Lefkowitz signed the order to

---

[5] According to the complaint, "[p]laintiffs were served with a summons and complaint on [sic] a foreclosure action on February 28, 2009." (Compl. at 2.) Plaintiffs then list the index number of the complaint that is attached as Exhibit A to the Cheverko Declaration. (Id.; Cheverko Decl. Ex. A.) The Court notes, however, that plaintiffs argued in their opposition to U.S. Bank's motion for Judgment of Foreclosure and Sale in the Foreclosure Action that they were not properly served at that time. (See id. Ex. C at 5.)

show cause, the Felicianos' motion was denied on April 17, 2012 because they "failed to serve the order to show cause in the manner specified and within the time provided"; Justice Lefkowitz also noted that "it appears that the sale has already occurred." (See Compl. ¶ 9; Cheverko Decl. Exs. G, H.) On appeal, the Appellate Division, Second Department, affirmed Justice Lefkowitz's order because the Felicianos "did not strictly comply with the time requirements set forth in the order to show cause." (See Compl. ¶ 9; Cheverko Decl. Ex. I.)

## II. STANDARD OF REVIEW

On a motion to dismiss, this Court accepts as true all well-pleaded factual allegations, Ashcroft v. Iqbal, 556 U.S. 662, 678–80 (2009), and draws all reasonable inferences in lead plaintiff's favor. See Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010).

To withstand dismissal, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Thus, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

4

misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Id. (internal punctuation omitted); see also Fed. R. Civ. P. 8(a)(2).

III.    DISCUSSION

The complaint alleges seven separate claims against U.S. Bank, which fall into three categories: (A) wrongful foreclosure under New York law; (B) two additional, related New York law claims—violations of New York General Business Law ("GBL") Section 349 and New York Banking Law Section 6-l; and (C) four related federal claims—violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641.  For the reasons set forth below, all of plaintiffs' claims fail as a matter of law.

A.    Wrongful Foreclosure

Plaintiffs assert, in substance, that U.S. Bank wrongfully foreclosed upon their home because it lacked the legal capacity to accept the assignment of the underlying mortgage, and therefore lacked standing in the Foreclosure Action.  (See Compl. at 3–6.)  This claim fails as a matter of law in light of the doctrines of res judicata and Rooker–Feldman.

1.    Res judicata

"Res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  Thompson v. County of Franklin, 15 F.3d 245, 253 (2d Cir. 1994).

The doctrine of <u>res judicata</u> holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980). <u>Res judicata</u> turns on "the essential similarity of the underlying events giving rise to the various legal claims." <u>Turner v. Crawford Square Apartments III, L.P</u>, 449 F.3d 542, 549 (3d Cir. 2006) (internal citation omitted).

Federal courts apply the rules of preclusion of the state in which the prior judgment was rendered. <u>See</u>, <u>e.g.</u>, <u>Sullivan v. Gagnier</u>, 225 F.3d 161, 166 (2d Cir. 2000). Because the judgment of foreclosure upon which plaintiffs base this claim was rendered in a New York state court, this Court applies New York law.

Under New York law, "a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation." <u>In re Hunter</u>, 827 N.E.2d 269, 274 (N.Y. 2005). New York applies a "transactional analysis" approach to <u>res judicata</u>, under which, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." <u>Id.</u> (quoting <u>O'Brien v. City of Syracuse</u>, 429 N.E.2d 1158, 1159 (N.Y. 1981)) (internal quotation marks omitted).

Under New York law, a default judgment has equal <u>res judicata</u> effect as a judgment on the merits. <u>E.g.</u>, <u>Parker v. Hoefer</u>, 142 N.E.2d 194, 196 (N.Y. 1957)

6

(citing <u>Riehle v. Margolies</u>, 279 U.S. 218, 225 (1929)); <u>see also</u> <u>Burden v. Graves</u>, 805 N.Y.S.2d 583, 583 (N.Y. App. Div. 2005); <u>In re Bentley</u>, 47 B.R. 269, 271 (Bankr. S.D.N.Y. 1985) (collecting cases).

There is no dispute that a default Judgment of Foreclosure and Sale was entered against the Felicianos in favor of U.S. Bank in the Foreclosure Action. It also cannot be disputed that both the Foreclosure Action and plaintiffs' wrongful foreclosure claim in this action involve identical parties and pertain to the same transaction or series of transactions—U.S. Bank's foreclosure on plaintiffs' home. Further, the publicly-filed documents in the Foreclosure Action make clear that the Felicianos advanced many of the same arguments they now assert—that U.S. Bank lacks standing to foreclose, that their mortgage was fraudulently assigned, and that U.S. Bank violated the applicable Pooling and Servicing Agreement ("PSA")—in motions in the Foreclosure Action. Accordingly, the Felicianos may not simply relitigate in federal court the propriety of the foreclosure on their home as adjudicated in the Foreclosure Action.[6]

### 2. Rooker–Feldman

According to the <u>Rooker–Feldman</u> doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." <u>Hoblock v. Albany Cnty. Bd. of Elections</u>, 422 F.3d 77, 84 (2d Cir. 2005). This doctrine applies when (1) a federal-court plaintiff has lost in state court; (2) the

---

[6] The Court rejects plaintiffs' argument that the instant complaint is based on newly discovered evidence (<u>see</u> Compl. at 2; Opp. at 4, ECF No. 24) in light of the fact that plaintiffs' prior submissions in the Foreclosure Action specifically reference the very same documents (and the very same hyperlink to the PSA) upon which their complaint is now based. (<u>See</u> Cheverko Decl. Ex C.)

7

plaintiff complains of injuries caused by that judgment; (3) the plaintiff invites the district court to review and reject the judgment; and (4) the state-court judgment was rendered before the federal proceedings commenced. <u>Id.</u> at 85.

Here, the Felicianos allege that a judgment was entered against them in the Foreclosure Action, and that this judgment caused them injury. (Compl. at 2–3.) The Felicianos allege that the Foreclosure Action "was erroneous and the title of the property must be reversed," and ask the Court to "order the reversal of this wrongful foreclosure . . . ." (<u>Id.</u> at 3, 6.) Finally, they allege that the state-court judgment in the Foreclosure Action was "granted" on December 12, 2011, more than fifteen months prior to the commencement of this instant action. (<u>Id.</u> at 2.) Accordingly, plaintiffs' wrongful foreclosure claim is also barred by <u>Rooker–Feldman</u>. <u>See, e.g.</u>, <u>Gray v. Americredit Fin. Servs., Inc.</u>, No. 07 Civ. 4039 (SCR) (MDF), 2009 WL 1787710, at *4 (S.D.N.Y. June 23, 2009) ("Courts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the <u>Rooker–Feldman</u> doctrine from attacking the state court judgment in federal district court.") (citing cases).[7]

---

[7] Plaintiffs' attempt to invoke a fraud exception to <u>Rooker–Feldman</u> (<u>see</u> Opp. at 2–3), even assuming such an exception exists in this Circuit, <u>see</u> <u>Johnson v. Smithsonian Inst.</u>, 189 F.3d 180, 187 (2d Cir. 1999), fails because they do not "allege fraud in the procurement of the judgment and not just that the state court issued an incorrect opinion." <u>Marshall v. Grant</u>, 521 F. Supp. 2d 240, 245 (E.D.N.Y. 2007). Rather, the complaint alleges fraudulent conduct (generally) by defendant <u>prior</u> to the institution of the Foreclosure Action rather than <u>on the state court itself</u>.

B.    Additional State-Law Claims

In addition to application of the doctrine of res judicata, plaintiffs' claims for violations of GBL Section 349 and Banking Law Section 6–l are also barred by the applicable statutes of limitations.

GBL Section 349 provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful," and provides a private right of action to "any person who has been injured by reason of any violation of this section . . . ." N.Y. Gen. Bus. Law §§ 349(a), (h).  The statute of limitations for such a claim is three years, and begins to run when a plaintiff has been injured by the deceptive act or practice.  Gaidon v. Guardian Life Ins. Co. of Am., 750 N.E.2d 1078, 1082–83 (N.Y. 2001).  Because plaintiffs here allege that the deceptive practices that form the basis for this claim occurred either when they refinanced their home (on December 8, 2006) or when their note and mortgage was assigned to U.S. Bank (on February 13, 2009) (see Compl. at 1, 2, 7), the statute of limitations expired no later than February 13, 2012—more than a year before they filed this action.

Banking Law Section 6–l prohibits any lender from "mak[ing] or arrang[ing] a high-cost home loan unless the lender reasonably believes that the borrower . . . will be able to make the scheduled payments. . . ." N.Y. Banking Law § 6–l(2)(k). "A private action against the lender or mortgage broker pursuant to this section must be commenced within six years of origination of the high-cost home loan." Id. § 6–l(6) (emphasis added).  Because the loan that forms the basis for this claim was

9

"originated" no later than December 8, 2006 (see Compl. at 7–8), the statute of limitations expired on December 8, 2012—more than three months before this action was filed.

Plaintiffs' argument that these statutes of limitations should be equitably tolled (see Opp. at 8–10, ECF No. 24) is unavailing. "Under New York law, the doctrines of equitable tolling or equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007) (internal quotation marks and citations omitted). "[I]n cases where the alleged concealment consisted of nothing but defendants' failure to disclose the wrongs they had committed, [New York courts] have held that the defendants were not estopped from pleading a statute of limitations defense." Corsello v. Verizon New York, Inc., 967 N.E.2d 1177, 1184 (N.Y. 2012) (citations omitted). Plaintiffs' assertion that they are entitled to equitable tolling because of recently discovered evidence (see Opp. at 10) is belied by their prior submissions in the Foreclosure Action (see Cheverko Decl. Ex. C) and misses the point; plaintiffs do not allege any conduct by defendant or its predecessors in order to conceal the basis for these claims. Accordingly, plaintiffs' claims for violations of GBL Section 349 and Banking Law Section 6–l are untimely.

C.    Federal Claims

Three of plaintiffs' four federal claims are similarly untimely under the applicable statutes of limitations; the fourth fails because plaintiffs do not have a private right of action under the sections of the FCRA they seek to enforce.

First, RESPA requires mortgage servicers to provide notice of the assignment of a mortgage to the borrower at least 15 days prior to the effective date of the assignment (subject to certain exceptions).  12 U.S.C. §§ 2605(a), (b).  Claims under RESPA must be brought within three years of the date of the violation.  Id. § 2614. Because the only violation alleged in the complaint occurred 15 days after the February 13, 2009 assignment of plaintiffs' mortgage (see Compl. at 8), this claim is untimely by more than a year.

Second, FDCPA requires debt collectors to send consumers a written notice containing certain pieces of information about the debt within five days of an initial communication with the consumer, and then allowing the consumer 30 days to dispute the debt and its accuracy.  15 U.S.C. § 1692g(a).  Civil actions seeking to enforce this requirement must be brought "within one year from the date on which the violation occurs."  Id. § 1692k(d).  Plaintiffs allege that U.S. Bank "as servicer for the owner, did not validate the subject debt."  (Compl. at 11.)  Though plaintiffs do not allege a date for this violation, it could not have occurred any later than February 25, 2009, the date on which U.S. Bank commenced the Foreclosure Action. (See id. at 2; Cheverko Decl. Ex. A.)  Accordingly, plaintiffs' FDCPA claim is untimely by more than three years.

11

Third, TILA requires that, "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer . . . ." 15 U.S.C. § 1641(g)(1). The statute of limitations for a private action for damages under TILA is one year. Id. § 1640(e); Grimes v. Fremont Gen. Corp., 785 F. Supp. 2d 269, 285 (S.D.N.Y. 2011) (citing cases). Because the only violation alleged in the complaint would have occurred 30 days after February 13, 2009, the date on which plaintiffs' mortgage and note was assigned to U.S. Bank (see Compl. at 2, 11), this claim is also untimely by more than three years.

Equitable tolling is similarly unavailing for plaintiffs' federal claims. For claims under federal law, the Court applies the federal doctrine of equitable tolling. See Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003). "Generally, a litigant seeking equitable tolling [of federal claims] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011) (internal quotation marks and citation omitted). Such "extraordinary circumstances" may arise in the context of fraudulent concealment; "a statute of limitations may be tolled due to the defendant's fraudulent concealment if the plaintiff establishes that: (1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's discovery of the nature of the claim within

12

the limitations period; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." <u>Corcoran v. N.Y. Power Auth.</u>, 202 F.3d 530, 543 (2d Cir. 1999) (internal quotation marks and citations omitted).

As with plaintiffs' state law claims, plaintiffs do not allege any fraudulent concealment by defendant or any other extraordinary circumstances.  In fact, filings submitted by the Felicianos in the Foreclosure Action state that they made payments to defendant's mortgage servicer, Select Portfolio Servicing, Inc., on dates prior to and including November 20, 2009.  (<u>See</u> Cheverko Decl. Ex. G.)  Plaintiffs thus were or should have been on notice of the assignment as of that date.

Finally, with respect to plaintiffs' FCRA claim, the Felicianos allege that defendant and its predecessors in interest "repeatedly reported false, negative information on Plaintiffs' credit report . . . ." (Compl. at 10.)  Though plaintiffs do not specify the portion of the FCRA under which they assert this claim in either the complaint or their opposition, the Court construes plaintiffs' FCRA claim as under 15 U.S.C. § 1681s–2(a).[8]  Section 1681s–2(a) prohibits a person from "furnish[ing] any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s–2(a)(1)(A).  It also forbids furnishing such information to a consumer reporting agency if the person has been notified that the information is

---

[8] Because plaintiffs do not allege that "the furnisher [of the false information] received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information is disputed," this claim is not properly construed as under 15 U.S.C. § 1681s–2(b).  <u>See</u> <u>Redhead v. Winston & Winston, P.C.</u>, No. 01 Civ. 11475 (DLC), 2002 WL 31106934, at *5 (S.D.N.Y. Sept. 20, 2002) (analyzing 15 U.S.C. § 1681s–2(b) and citing cases).

inaccurate, and the information is in fact inaccurate. Id. § 1681s–2(a)(1)(B).
Finally, this section sets forth a continuing duty to correct and update any
information that a person has furnished to a credit reporting agency that they later
learn to be incomplete or inaccurate. Id. § 1681s–2(a)(2).

Nevertheless, "[t]here is no private cause of action under Section 1681s–2(a),
for the FCRA limits the enforcement of this subsection to government agencies and
officials." See Redhead v. Winston & Winston, P.C., No. 01 Civ. 11475 (DLC), 2002
WL 31106934, at *4 (S.D.N.Y. Sept. 20, 2002) (citing cases); 15 U.S.C. §§ 1681s–
2(c)(1), (d). Accordingly, plaintiffs' FCRA is dismissed as a matter of law.

IV.     LEAVE TO AMEND

In their opposition, plaintiffs request leave to amend their complaint
pursuant to Rule 15(a) in the event the Court grants defendant's motion to dismiss.
(Opp. at 10-11.)

Rule 15(a)(2) provides that leave to amend "should be freely given when
justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend, though liberally
granted, may properly be denied for: undue delay, bad faith or dilatory motive on
the part of the movant, repeated failure to cure deficiencies by amendments
previously allowed, undue prejudice to the opposing party by virtue of allowance of
the amendment, futility of amendment, etc." Ruotolo v. City of N.Y., 514 F.3d 184,
191 (2d Cir. 2008) (internal quotation marks omitted) (quoting Foman v. Davis, 371
U.S. 178, 182 (1962)). "[I]t is within the sound discretion of the district court to

14

grant or deny leave to amend." <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007).

Because all of plaintiffs' claims fail as a matter of law, their request for leave to amend is DENIED, as any amendment would be futile.

V.    CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the complaint is GRANTED and this action is DISMISSED.

The Clerk of Court is directed to close the motion at ECF No. 26 and to terminate this action.

SO ORDERED.

Dated:    New York, New York
          June **26**, 2014

                                     _k— B. Fo_____

                                     KATHERINE B. FORREST
                                     United States District Judge

15